UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEROY KENNETH WHEELER,

    Petitioner,

v.                                                                           CASE NO. 6:06-cv-1099-Orl-31JGG

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed July 21, 2006). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11, filed October 19, 2006). Petitioner filed a reply to the response (Doc. Nos. 15 & 16, filed November 6, 2006).

Petitioner alleges four claims for relief, including two claims of ineffective assistance of counsel, one claim that he was deprived the "right to a fair trial," and one claim that he was deprived of his right to appeal. (Doc. No. 1 at 5-10). Because his petition is untimely, this Court cannot reach the merits of Petitioner's four claims.

### *Procedural History*

On August 28, 1995, Petitioner was charged in an information with lewd and lascivious acts upon a child. (Appendix A). A jury found Petitioner guilty, and on April 15, 1996, the trial court sentenced Petitioner to 47 months incarceration followed by eight years of probation.

(Appendix B). After dismissing his attorney, Petitioner filed a direct appeal. The Fifth District Court of Appeal dismissed Petitioner's appeal on June 26, 1996, based on Petitioner's failure to pay the filing fee and to submit a certified copy of any order of insolvency. (Appendix C).

After his appeal was dismissed, Petitioner filed a series of motions and petitions for post-conviction relief. First, on September 28, 1996, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.[1] (Appendix D). In Orders dated May 21, 1997 and July 7, 1997, the trial court denied Petitioner's Rule 3.850 motion. (Appendix E & G). The appellate court affirmed *per curiam* on November 10, 1997, and mandate issued on December 1, 1997. (Appendix H & I).

While Petitioner's first Rule 3.850 motion was pending on appeal, he filed a petition for writ of habeas corpus pursuant to Rule 9.100 of the Florida Rules of Appellate Procedure and a second motion for post-conviction relief pursuant to Rule 3.850. (Appendix J & L). The petition for writ of habeas corpus was filed on October 1, 1997, and the second Rule 3.850 motion was filed on October 8, 1997. On October 15, 1997, the petition for writ of habeas corpus was denied by the court of appeals, (Appendix K), and on January 12, 1998, the trial court dismissed Petitioner's second Rule 3.850 motion. (Appendix M). Thereafter, Petitioner filed his third Rule 3.850 motion on January 21, 1998. (Appendix N). The trial court dismissed Petitioner's third Rule 3.850 motion on March 12, 1998. (Appendix O). The trial court's order

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

dismissing Petitioner's third Rule 3.850 motion was affirmed on June 9, 1998. (Appendix P). Mandate issued June 26, 1998. (Appendix Q).

On May 1, 1999, Petition was released from prison and began to serve his term of probation. (Appendix R). Petitioner then filed two motions to terminate his probation on February 2, 2000 and July 9, 2000. (*Id.*). On July 24, 2000, Petitioner also filed a second petition for writ of habeas corpus. (*Id.*). On July 31, 2000, the appellate court denied Petitioner's second petition for writ of habeas corpus. (Appendix S).

Petitioner initiated the instant federal habeas corpus action on July 20, 2006. (Doc. No. 1).

### *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered an order dismissing Petitioner's appeal on June 9, 1998. Petitioner then had ninety days, or through September 7, 1998, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13.[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on September 7, 1998, and Petitioner had through September 7, 1999, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired).

The instant petition was not filed until July 20, 2006. Thus, Petitioner's filing is untimely unless the entire period between September 7, 1999 and July 20, 2006, was tolled. This entire period clearly was not tolled. Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Although Petitioner did file

---

[2]Rule 13 provides as follows:

  The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

several motions for post-conviction relief in state court, he did not file any motions or petitions between August 15, 2000 and July 20, 2006. Thus, Petitioner's July 20, 2006 habeas corpus petition was not timely filed.

Conceding that the instant habeas corpus petition was not timely filed, Petitioner claims that he should be permitted to proceed because his "lack of knowledge precluded him from to [sic] proceed any further then [sic] he did previously" and because the use of the Florida conviction to support a habitual offender enhancement in North Dakota "opens this case again for review." (Doc. No. 1 at 14). Neither lack of legal knowledge, nor the North Dakota case warrant this Court's disregard of the timely filing requirements set forth in the AEDPA. *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005) (setting forth stringent standard for equitable tolling); *e.g.*, *Hood v. Galaza*, 47 F. Supp. 2d 1144, 1148 (S.D. Cal. 1999) (petitioner who claimed delays in photocopying materials and utilizing the prison law library services, as well as his lack of legal sophistication, failed to demonstrate extraordinary circumstances warranting equitable tolling of the one-year deadline); *Henderson v. Johnson*, 1 F. Supp. 2d 650 (N.D. Tex. 1998) (defendant's allegations that he did not have professional legal assistance, did not know what to do, and had another inmate help him until the inmate left the unit did not warrant equitable tolling). Because Petitioner has not shown that his untimely filing should be excused, his habeas corpus petition must be denied.[3]

---

[3] Respondents contend that the petition should be dismissed because Petitioner is no longer "in custody" as he was released from prison on May 1, 1999. (Doc. No. 11, at 6-7). Petitioner counters that he satisfies the custody requirement because his conviction was used to enhance his sentence in North Dakota. (Doc. No. 16). The Court notes that Respondents have not addressed whether Petitioner has completed his eight years of probation. In any case, the Court need not reach the custody issue because the petition itself is demonstrably untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### *Conclusion*

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 12th day of December, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 12/12
Leroy Kenneth Wheeler
Counsel of Record